Barnard, P. J.
—The plaintiff is a judgment creditor of the defendant Daniel Van Winkle. He is also a preferred creditor under the assignment made by Van Winkle to defendant Campbell. Soon after the assignment a composition deed was entered into whereby certain of the unpreferred creditors agreed to accept twenty cents-in satisfaction of their debts. This agreement included nearly all the unpreferred debts of Van Winkle. The stock and business of the assignor was such that the firm of Karst & Costello wished to form a company and buy it in gross for a sum sufficient to pay all the debts under this composition The amount was fixed at $8,500. Karst & • Costello paid $2,500 in cash to Campbell with which to pay the unpreferred debts, which he did so far as the same would go and which sum nearly paid up the unpreferred claims against Van Winkle. The balance of the $2,500 was used for the estate expenses. Karst & Costello then refused to carry out the agreement The property was not delivered and the $2,500 was not returned. Karst & Costello were not among the creditors of Van Winkle but were to be interested in the company to be formed. The assignee is liable to account for this $2,500. It was an executory sale of the stock to Karst & Costello.
*876 It is true it was based upon an expectation that the company’s scheme would have been carried out, but it was a receipt of part payment for the sale. The motive which led the firm to require the payment of the unpreferred creditors with this part payment has no relevancy. The assignee was bound to execute the assignment, and if he paid unpreferred debts before the balance of the $8,500 was paid he did so at his own risk. The $2,500 belonged to the trust estate and the referee properly held it to be assets.
The judgment should be affirmed, with costs.
Dykman, J., concurs; Pratt, J., not sitting.